*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Ty D. Frankel (AZ Bar No. 027179)
tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (AZ Bar No. 020191)
psyverson@bffb.com*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Daltina Blazek, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **[JURY TRIAL DEMANDED]** |
| Heavens Urgent Care LLC, an Arizona limited liability company; Roxanne Heavens and Jason P. Heavens, | |
| Defendants. | |

Plaintiff Daltina Blazek ("Plaintiff") for her Complaint against Heavens Urgent Care LLC, Roxanne Heavens, and Jason P. Heavens (collectively referred to as both "Defendants" and "Heavens") alleges as follows:

**I.   NATURE OF THE CASE**

1. Plaintiff brings this action against Heavens for their failure to pay her all wages due, including regular time and overtime, and Paid Sick Time, in violation of the Fair

Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), Arizona wage law, A.R.S. § 23-350 *et seq.*, and Arizona Paid Sick Time law, A.R.S. § 23-371 *et seq.*

2. Plaintiff also brings this action for Heavens' unlawful retaliation under the FLSA and Arizona Paid Sick Time law.

3. This action is brought to recover back wages, liquidated and treble damages, lost wages and liquidated damages equal to the lost wages, front pay, compensatory damages, reasonable attorneys' fees and costs, pre-judgment interest, and punitive damages resulting from Defendants' violations of the FLSA and Arizona law.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 201 *et seq.* and 28 U.S.C. § 1331.

5. Plaintiff's State law claims are sufficiently related to the FLSA claims that they form part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Defendants in this District.

## III.  PARTIES

7. At all times relevant to the matters alleged herein, Plaintiff Daltina Blazek resided in the State of Arizona in Pinal County.

8. Plaintiff was a non-exempt employee of Heavens from on or around February 8, 2021 until July 23, 2021.

9. Plaintiff was employed as a Medical Assistant.

10. During Plaintiff's tenure as an employee at Heavens, Plaintiff was compensated at an hourly rate of $20 per hour.

11. Plaintiff was a non-exempt employee entitled to overtime under the FLSA and an employee entitled to timely payment of wages and Paid Sick Time under Arizona law.

12. Defendant Heavens Urgent Care LLC is an Arizona limited liability company authorized to do business in Arizona and operates an urgent care medical business in Arizona. Defendant Heavens Urgent Care LLC at all relevant times has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made, or business done is greater than $500,000. Defendant Heavens Urgent Care LLC, by and through its agents and employees, set Plaintiff's compensation and controlled her employment and the employment policies applicable to her, including compensation practices and the decision to terminate Plaintiff's employment.

13. Defendant Jason P. Heavens is a Member and Manager of Heavens Urgent Care LLC. As a Member and Manager of Heavens Urgent Care LLC, Defendant Jason P. Heavens sets employment policies for Heavens Urgent Care LLC, including but not limited to implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Defendant Jason P. Heavens exercises control over Heavens Urgent Care LLC's operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there. Defendant Jason P. Heavens is an employer under the FLSA and Arizona law.

14. Defendant Roxanne Heavens is a Member and Manager of Heavens Urgent Care LLC. As a Member and Manager of Heavens Urgent Care LLC, Defendant Roxanne Heavens sets employment policies for Heavens Urgent Care LLC, including but not limited to implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Defendant Roxanne Heavens exercises control over Heavens Urgent Care LLC's operations, and she has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there. Defendant Roxanne Heavens is an employer under the FLSA and Arizona law.

15. Defendant Roxanne Heavens and Defendant Jason P. Heavens were at all times persons responsible for determining the method and rate of Plaintiff's payment of

wages and made decisions affecting the policies directing Plaintiff's employment at Heavens Urgent Care LLC. As persons who acted in the interest of Heavens Urgent Care LLC in relation to the company's employees, Defendant Roxanne Heavens and Defendant Jason P. Heavens are subject to individual liability under the FLSA.

16. In addition, Section 15(a)(3) of the FLSA prohibits retaliation by "any persons," including Defendants, who retaliated against Plaintiff as a result of Plaintiff complaining to Defendants about having to work off the clock resulting in unpaid overtime.

17. Upon information and belief, Defendants Jason P. Heavens and Roxanne Heavens are husband and wife and they have caused events to take place giving rise to this complaint for which their marital community is fully liable.

18. At all relevant times, Defendants were an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), A.R.S. § 23-371(G) and a "person" under 29 U.S.C. §§ 215(a) and 203(a).

### IV.  FACTUAL BACKGROUND

19. Heavens is an urgent care medical facility located in Apache Junction, Arizona.

20. From February 8, 2021 until July 23, 2021, Plaintiff was an employee of Heavens working as a Medical Assistant.

21. Plaintiff was compensated at a rate of $20 per hour.

22. During her tenure as a medical assistant at Heavens, Plaintiff was scheduled to work from 8 in the morning until 4 in the evening for five days during the typical week.

23. Plaintiff performed duties typical of a medical assistant, including interacting with patients to obtain vitals and assist with procedures, calling patients with test results, checking patients into the clinic when they arrive, performing injections, performing EKGs, and answering the phones when patients or prospective patients call the medical center.

24. Plaintiff was required to clock in and out for timekeeping purposes on a computer.

25. Plaintiff was routinely required to work late past the conclusion of her shift, working additional time to finish a patient consultation or continuing to work because the medical assistant relieving her shift was late.

26. Plaintiff routinely worked until 4:15 or later in the evening at least four times per week during the typical week.

27. Heavens had a policy of deducting one hour of time for Plaintiff to take a lunch, even though Plaintiff was required to work through lunch.

28. This resulted in Plaintiff having to work five hours off the clock without compensation during the typical week.

29. Plaintiff was required to sit at the front desk in the reception area during the period in which Heavens deducted her pay by one hour for lunch.

30. Despite not getting paid for the one hour that Heavens automatically deducted for lunch, Plaintiff was required to work through her lunch during her employment at Heavens. During this one hour of unrecorded off the clock time, Plaintiff was required to interact with patients who entered the lobby, checking them in for their appointments and answering their questions. Plaintiff also continued to answer calls made to the clinic by prospective and current patients. She checked on patients in the office, performed injections, and completed EKGs during her unpaid lunch time.

31. Early in her tenure at Heavens, Plaintiff notified her manager at the time, Courtney, that she was having to work off the clock during her lunch. The manager, Courtney, acknowledged the problem and credited Plaintiff with 15 hours of time that she had to work off the clock. However, that did not account for all the hours that Plaintiff was required to work off the clock resulting from the automatic deduction for lunch time.

32. The requirement that Plaintiff perform work duties off the clock continued despite Plaintiff having raised the issue with management. In fact, the problem got worse because the manager who credited Plaintiff for a fraction of the time she worked off the clock at the beginning of her employment stopped working for Heavens.

33. Plaintiff continued working off the clock during her lunch without compensation, which was necessary for her to complete her job duties. During a typical week, Plaintiff was required to work five hours off the clock without compensation.

34. As a result of requiring Plaintiff to work unrecorded time off the clock, Heavens failed to keep accurate records of the amount of hours Plaintiff worked in violation of the FLSA.

35. Heavens wrongfully withheld wages from Plaintiff by failing to pay wages due to Plaintiff for hours Plaintiff worked, including unpaid regular time and unpaid overtime.

36. Plaintiff's unpaid wages primarily resulted from Heavens' practice of requiring her to work off the clock for one hour per day over lunch plus requiring her to routinely work at least 15 minutes past when her scheduled shift was supposed to end. As a result, Plaintiff routinely worked more than the hours she was paid, including overtime for which she was not properly compensated for.

37. During the typical week, Plaintiff was scheduled to work from 8 in the morning until 4 in the evening for 5 days, which is 40 hours.

38. However, Heavens routinely deducted 1 hour for lunch each day Plaintiff worked even though Plaintiff was working, and Plaintiff was consistently required to work until 4:15 in the evening.

39. During the typical week, Plaintiff estimates that she was required to work at least 41 hours when accounting for the time she was required to work off the clock during her lunch, but Heavens failed to pay her for 5 of those hours as a result of the automatic deductions to her pay for a lunch period that she was actually required to work through.

40. These practices resulted in unpaid wages to Plaintiff for hours worked off the clock, including regular time for unpaid wages for hours worked up to 40 hours and unpaid overtime for hours worked above 40 hours.

41. Heavens' unpaid wage practices of requiring Plaintiff to work off the clock were routine and consistent.

42. Heavens also failed to timely pay Plaintiff all wages due. Heavens failed to timely pay Plaintiff all the wages she was due for which she was required to work off the clock during her lunch.

43. In addition, Heavens failed to timely pay Plaintiff the wages she earned in her final paycheck. If an employee is discharged, Arizona law requires an employer to deliver wages to the employee within seven working days or by end of next regular pay period, whichever is sooner. Heavens terminated Plaintiff's employment on July 23, 2021, but Heavens did not pay Plaintiff her regular wages due for her final paycheck until August 6, 2021 in violation of Arizona law for timely payment of wages to a discharged employee like Plaintiff.

44. Throughout Plaintiff's employment, Plaintiff complained to the manager, Defendant Roxanne Heavens, about the fact that she was having to work off the clock. Plaintiff asked if she could lock the reception door so the public could not enter during the time in which she was supposed to be on lunch. Defendant Roxanne Heavens rejected that request, stated that Heavens would not pay her overtime, and required Plaintiff to continue working unpaid time through her lunch.

45. Plaintiff also raised concerns to management about the fact that she should be able to accrue and use Paid Sick Time.

46. On July 21, 2021, Plaintiff informed Heavens' manager that she was out sick.

47. Plaintiff was not given the opportunity to use Paid Sick Time.

48. Management informed Plaintiff during her employment that Heavens did not provide Paid Sick Time and would not allow her to use it.

49. In addition, Heavens failed to provide Plaintiff information regarding the Paid Sick Time she should have accrued and available to use with her regular pay statements.

50. Heavens also failed to provide proper notice of Paid Sick Time.

51. On July 23, 2021, Plaintiff spoke with Defendant Roxanne Heavens, in her role as manager of the business. Plaintiff complained that Heavens was improperly deducting time that she was working during her lunches for which she should have been

getting paid. Plaintiff also complained that she should be entitled to Paid Sick Time in accordance with Arizona law.

52. Heavens' management responded to Plaintiff's complaints by requesting Plaintiff to provide the basis for why she believed she was entitled to be paid for time worked during her lunch, which resulted in unpaid overtime, and for Paid Sick Time. Plaintiff printed information from the internet regarding the requirement to be paid for all time worked in accordance with the FLSA and Arizona law. Plaintiff also printed information regarding the Arizona law that requires Paid Sick Time. Plaintiff provided this information to Defendant Roxanne Heavens in her capacity as manager, with the expectation that her complaints about the unpaid time including overtime and the unavailability of Paid Sick Time would result in Heavens rectifying their unlawful policies.

53. Defendant Roxanne Heavens took the information from Plaintiff to review it in her capacity as manager for the business.

54. On July 23, 2021, only an hour after Plaintiff raised her complaints about off the clock work and Paid Sick Time as violations of the FLSA and Arizona law and only a day after raising concerns about unpaid off the clock work and two days after notifying management she was out sick, Heavens terminated Plaintiff's employment.

55. Following Plaintiff's complaints to management about having not received legally required wages due in accordance with the FLSA and Arizona law and Paid Sick Time under Arizona law, and as a direct and proximate result of Plaintiff's complaints, Heavens retaliated by terminating Plaintiff's employment on July 23, 2021.

## V.  COUNT ONE
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*)**

56. Plaintiff reasserts the allegations set forth in the above paragraphs.

57. Heavens paid Plaintiff on an hourly basis and she is entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

58. At all relevant times, Heavens has been, and continues to be, subject to the overtime provisions of the FLSA because their employees are engaged in interstate commerce and Heavens has annual revenue in excess of $500,000.

59. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

60. Heavens was an employer pursuant to 29 U.S.C. § 203(d).

61. Heavens failed to comply with 29 U.S.C. § 207 because Plaintiff worked in excess of forty hours per week, but Heavens failed to pay her for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

62. The work was performed at Heavens' direction and with Heavens' knowledge.

63. Heavens willfully violated the FLSA by failing to pay Plaintiff all wages due including time and a half for all hours accrued beyond forty hours in a workweek.

64. Heavens failed to keep accurate records of Plaintiff's hours as required by the FLSA.

65. Heavens has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

66. As a result of the willful violations of the FLSA's overtime pay provisions, Heavens has unlawfully withheld overtime wages from Plaintiff. Accordingly, Heavens is liable to Plaintiff for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## VI.  COUNT TWO
**(Failure to Pay Timely Payment of Wages under the Arizona Wage Statute – A.R.S. § 23-350 *et seq.*)**

67. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

68. Heavens was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

69. Heavens was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff.

70. Heavens failed to timely pay Plaintiff wages she was due without a good faith basis for withholding the wages.

71. Heavens has willfully failed to timely pay wages due to Plaintiff. As a result of Heavens' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## VII. COUNT THREE

**(Failure to Provide Earned Paid Sick Time; A.R.S. §§ 23-364; 23-371 *et seq.*)**

72. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

73. At all times material hereto, Plaintiff was employed by Heavens within the state of Arizona and has been entitled to the rights, protections, and benefits provided under A.R.S. § 23-364 and 23-371 *et seq.* relating to Paid Sick Time.

74. Heavens was obligated to accrue and provide Paid Sick Time pursuant to A.R.S. §§ 23-364 and 23-371 *et seq*.

75. Under A.R.S. §§ 23-364 and 23-372-374, Heavens was obligated to accrue and provide Paid Sick Time to Plaintiff and Heavens was obligated to provide notice to Plaintiff of her rights relating to Paid Sick Time and also provide the amount of Paid Sick Time accrued with her pay stubs.

76. Heavens failed to provide Plaintiff Paid Sick Time or requisite notice of her rights or amounts accrued in violation of A.R.S. §§ 23-364 and 23-372 *et. seq*. and did not have a good faith basis for failing to comply with the Paid Sick time law.

77. Heavens willfully failed and refused to comply with the requirements for providing Paid Sick Time to Plaintiff. As a result of Heavens' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-375(E) of at least $250

for a first violation and $1000 for each subsequent violation and other applicable remedies provided by Arizona law including A.R.S. § 23-364.

## VIII.   COUNT FOUR

### (Unlawful Retaliation - FLSA - 29 U.S.C. § 215(a)(3))

78. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

79. Plaintiff was a non-exempt employee of Heavens entitled to be paid for all overtime worked pursuant to the FLSA.

80. During her employment, including on July 23, 2021, Plaintiff engaged in protected activity by complaining to Heavens' management that the company was violating the FLSA by failing to pay her for time she was required to work off the clock resulting in unpaid overtime.

81. Heavens, through its manager, Defendant Roxanne Heavens, in her capacity as an employee and agent of Heavens, responded that Defendants would not pay Plaintiff the wages she was due and terminated Plaintiff's employment as a result of her complaints about violations of the FLSA resulting from work Plaintiff was required to perform off the clock.

82. As a direct and proximate result of Plaintiff's complaints about Defendants' unlawful overtime wage practices, Plaintiff was terminated, which constitutes a materially adverse employment action in violation of 29 U.S.C. § 215(a)(3).

83. It is unlawful for Defendants to retaliate against Plaintiff because she has made any complaint, whether in writing or orally, that Heavens violated or was violating any provision of the FLSA.  29 U.S.C. § 215(a)(3).

84. There is a causal connection between Plaintiff engaging in the protected activity and her termination, in that but for the Plaintiff engaging in the protected activity, Heavens would not have terminated Plaintiff's employment.

85. Plaintiff's protected activity was a motivating factor in the decision by Heavens to terminate her.

86. Plaintiff has been damaged as a direct and proximate cause the conduct of Defendants.

87. Defendants' conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

88. Heavens' conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Heavens therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

## IX.   COUNT FIVE

**(Retaliation under the Arizona Paid Sick Time Statute, A.R.S. § 23-371 *et seq.*)**

89. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

90. Arizona has adopted a Paid Sick Time law that mandates an employee may use his or her Paid Sick Time for any qualifying reason.  *See* A.R.S. § 23-373.

91. The PST law contains an anti-retaliation provision that states:  An employer shall not engage in retaliation or discriminate against an employee or former employee because the person has exercised rights protected under this article. Such rights include but are not limited to the right to request or use earned paid sick time … and the right to inform any person of his or her potential rights under this article.  A.R.S. § 23-374.

92. There is a presumption that an employer has retaliated against an employee if the employer takes an adverse employment action within ninety days of a person requesting to use Paid Sick Time or informing any person of her right to do so.  A.R.S. § 23-364(B) states: Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

93. Furthermore, A.R.S. § 23-364(G) states: Any employer who fails to pay the wages or earned paid sick time required under this article shall be required to pay the employee the balance of the wages or earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or earned paid sick time. Any employer who retaliates against an employee or other person in violation of this article shall be required to pay the employee an amount set by the commission or a court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final. A.R.S. § 23-364(G).

94. As set forth above, Heavens retaliated against Plaintiff by terminating her employment within 90 days after she requested Paid Sick Time and informed Heavens of her right to Paid Sick Time.

95. Accordingly, Heavens has the burden to prove, by clear and convincing evidence, that each of its adverse actions taken against Plaintiff were wholly unrelated to her request for Paid Sick Time, which they were not.

96. Heavens terminated Plaintiff's employment on July 23, 2021 as a direct and proximate result of her complaints about Heavens' unlawful Paid Sick Time practices.

97. Heavens must pay Plaintiff a minimum of $150 per day from the date of the initial act of retaliation for her complaints related to Paid Sick Time through the date of judgment or any settlement of her claim.

## X.   REQUESTED RELIEF

WHEREFORE, Plaintiff prays:

A. For the Court to declare and find that Heavens committed one or more of the following acts:

  i. violated provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, by failing to pay overtime wages due to Plaintiff and retaliating against Plaintiff as a result of her complaints about off the clock work resulting in unpaid overtime;

    ii.  violated the recordkeeping requirements of the FLSA;

    iii.  willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff; and

    iv.  violated the Arizona Paid Sick Time statute by failing to provide Plaintiff Paid Sick Time, failing to provide notice of Paid Sick Time, and retaliating against her for complaining about Heavens' unlawful Paid Sick Time practices.

  B.  For the Court to award Plaintiff compensatory and liquidated damages under 29 U.S.C. § 216(b) and attorneys' fees and costs;

  C.  For the Court to award Plaintiff compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

  D.  For the Court to declare and find that the Defendants violated the non-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3);

  E.  For the Court to declare and find that Defendants violated the laws of this State by committing unlawful retaliation under the Paid Sick Time statute;

  F.  For the Court to award compensatory and punitive damages, including lost wages and liquidated damages equal to the lost wages and front pay, to be determined at trial;

  G.  For the Court to award lost wages and other financial benefits, punitive damages, emotional distress damages, damages caused to Plaintiff's reputation, and statutory penalties;

  H.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

  I.  For the Court to award Plaintiff compensatory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. §§ 23-364 and 23-371 *et seq.* and other applicable Arizona law;

J.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

K.  For the Court to award restitution;

L.  For the Court to award Plaintiff's reasonable attorneys' fees and costs under the FLSA and Arizona law;

M.  For the Court to award pre- and post-judgment interest;

N.  For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

O.  For such other relief as the Court deems just and proper.

## XI.  DEMAND FOR JURY TRIAL

98.  Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED:  August 17, 2021.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100
Facsimile: 602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson (AZ Bar # 020191)
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

Attorneys for Plaintiff