**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daltina Blazek, | No. CV-21-01425-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Heavens Urgent Care LLC; Roxanne Heavens; and Jason P. Heavens, | |
| Defendants. | |

Plaintiff Daltina Blazek moves for summary judgment on the question of liability for claims seeking unpaid wages and liquidated damages against her former employers. Doc. 48. The motion is fully briefed. Docs. 49, 51, 52, 55. For reasons set forth below, the Court will deny the motion.[1]

**I.     Background.**

Defendant Heavens Urgent Care LLC provides emergency medical care at a facility in Apache Junction, Arizona. Doc. 1, ¶ 19. Defendants Roxanne and Jason P. Heavens, who are spouses, are members and managers of Heavens Urgent Care LLC. Doc. 49, ¶ 2; Doc. 52, ¶ 2. Ms. Heavens oversees operations and administrative matters, including training employees and billing patients. Doc. 49-2 at 7; Doc. 52-4 at 8. Mr.

---

[1] The Court will deny Defendants' request for oral argument because it rules in their favor. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

1

Heavens is a practicing physician. *See* Doc. 52-4 at 6. Both are active in managing the business, including employee compensation. Doc. 49, ¶ 2; Doc. 52, ¶ 2.

Plaintiff worked as a medical assistant at Heavens Urgent Care for approximately five months. Doc. 49, ¶ 1; Doc. 52, ¶ 1. She worked from 8:00 a.m. to 4:00 p.m. five days a week, Doc. 49, ¶¶ 9-10; Doc. 52, ¶¶ 9-10, and was a non-exempt employee entitled to overtime compensation for time worked in excess of 40 per week, Doc. 49, ¶ 6; Doc. 52, ¶ 6.

Defendants automatically deducted a one-hour lunch break from each employee's shift over six hours. Doc. 49, ¶¶ 9-10; Doc. 52, ¶¶ 9-10. These deducted hours were unpaid. Doc. 48 at 3; Doc. 51 at 2. On February 20 and March 19, 2021, Plaintiff informed her supervisor, Courtney Hatfield, that she worked through eight or nine of her automatically deducted lunches. Doc. 49-1 at 70, 72. On April 16, 2021, Defendants compensated Plaintiff for 15 unpaid hours. Doc. 49, ¶ 20; Doc. 52, ¶ 20.

On March 19, 2021, Ms. Hatfield informed Plaintiff that she could avoid the one-hour lunch deduction by clocking out when she left for lunch and clocking back in when she returned. Doc. 49, ¶ 1; Doc. 52, ¶ 79. Thereafter, Plaintiff clocked out for lunch most days. Plaintiff claims that she regularly worked more than 40 hours per week from her start date in February 2021 until her termination in July 2021, but was not paid overtime. Doc. 49, ¶ 8. She asserts that she earned overtime by working through her automatically deducted lunch hours, during lunch breaks when she clocked out, and after the conclusion of her shift. *Id.* ¶ 16.

Plaintiff brings claims for failure to pay overtime under the Fair Labor Standards Act (FLSA), failure to pay timely wages under the Arizona Wage Act, failure to provide earned paid sick time under the Arizona Paid Sick Time Act, unlawful retaliation under the FLSA, and retaliation under the Arizona Paid Sick Time Act. She moves for partial summary judgment on liability for her FLSA and Arizona Wage Act claims. Doc. 48.

## II.    Legal Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.   FLSA Overtime Claim.

The FLSA generally requires employers to pay employees overtime wages for "workweek[s] longer than forty hours . . . at a rate not less than one and one-half times the[ir] regular rate." 29 U.S.C. § 207(a)(1).  An employee bringing an action for unpaid overtime wages has the burden of proving that she performed work for which she was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946); *Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986).  "When the employer has kept proper and accurate records [of wages, hours, and other employment conditions,] the employee may easily discharge his burden by securing the production of those records." *Mt. Clemens Pottery Co.*, 328 U.S. at 687.

If "the employer's records are inaccurate or inadequate," the employee's burden is lightened.  *Id.*  The employee must produce sufficient evidence to show the amount of her work "as a matter of just and reasonable inference."  *Id.*  "The burden then shifts to the employer" to show the precise amount of work performed or negate "the reasonableness of the inference to be drawn from the employee's evidence."  *Id.* at 687-88.

Plaintiff argues that Defendants' time records are inaccurate.  She cites testimony of Ms. Hatfield and Ms. Heavens, arguing that both failed to correct inaccuracies in time records communicated via text message.  Doc. 48 at 12.  Ms. Hatfield and Ms. Heavens testified that Plaintiff occasionally requested changes to her time records and that they made the requested changes manually.  *See, e.g.*, Doc. 49-2 at 38-39; Doc. 52-1 at 61.

Although manual changes to the time records generally are noted by an asterisk in the records, Doc. 49-1 at 61-65; Doc. 52-1 at 75, Ms. Heavens testified that asterisks were not always placed beside each of the days for which Plaintiff requested and received a correction, Doc. 52-4 at 43. Defendants point, for example, to a June 4, 2021 time entry which reflects Plaintiff's requested correction and is not accompanied by an asterisk. *Id.*

Defendants' inconsistent recordkeeping does not allow the Court to conclude that the time records accurately reflect Plaintiff's hours. *See Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 661975, at *6 n.6 (D. Ariz. Feb. 19, 2021), *vacated in part on other grounds*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199 (D. Ariz. Apr. 26, 2021) (applying the *Mt. Clemens Pottery* burden-shifting framework because of an employer's "failure to enter certain hours"). Plaintiff therefore bears the burden of showing that she performed the work for which overtime is due "as a matter of just and reasonable inference." *Mt. Clemens Pottery*, 328 U.S. at 687-88.

Plaintiff argues that she is owed overtime for (1) working through automatically deducted lunch hours, (2) working during all lunch breaks for which she clocked out, and (3) working past the conclusion of her scheduled shift. Doc. 48 at 10-11. Plaintiff points to text messages, deposition transcripts, and Defendants' own time records as support. Given that Plaintiff must raise only a reasonable inference in her favor, the Court finds that Plaintiff has met her burden. *See Manuel v. Quest Diagnostics, Inc.*, 341 F. App'x 348, 349 (9th Cir. 2009) (holding the plaintiff's testimony that she worked during "a minimum of 10 or 12 times" during her lunch breaks sufficient to establish a prima facie case for overtime wages); *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 965-66 (D. Ariz. 2020) (recognizing the Ninth Circuit's "relaxed approach to a plaintiff's initial burden" and finding that submission of deposition testimony from multiple employees, email communication, and time records sufficient to satisfy the plaintiff's burden).

The burden thus shifts to Defendants to produce evidence "of the precise amount of work" Plaintiff performed or "to negative the reasonableness of the inference to be

4

drawn from" Plaintiff's evidence." *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88. Defendants argue that the time records show Plaintiff would not have worked over 40 hours in a week even if she worked during her automatically deducted lunch hours. The automatic deduction occurred regularly during Plaintiff's first few weeks of employment, through March 18, 2021. Doc. 49-1 at 61. Because Plaintiff disputed the automatic deduction during this period, Defendants paid her for an additional 15 hours. Doc. 49, ¶ 20; Doc. 52, ¶ 20. The parties dispute whether this payment compensated Plaintiff for all of the lunch hours she had worked up to that time. Doc. 49, ¶ 21; Doc. 52, ¶ 20.

Thereafter, Plaintiff began a regular practice of clocking out during the period she ate lunch – virtually always for less than one hour. Doc. 49-1 at 61-65. Plaintiff's statement of facts asserts that she routinely worked during the time she was clocked out on these days, but the deposition testimony she cites contains only general assertions that she worked during lunch hours. It does not specifically address dates when she clocked out and then clocked back in during the lunch hour. Doc. 49, ¶¶ 11-12.[2] Nor does it explain why Plaintiff would have clocked out if she was still working. *Id.*

Defendants make three arguments with respect to Plaintiff's lunch-period claims after March 18, 2021.

First, they assert that Plaintiff failed to clock out during the lunch hour on nine days. Doc. 52, ¶ 91. An automatic one-hour lunch deduction would have been applied on each of these days, but even if the deducted nine hours were added to Plaintiff's time, Defendants assert, she would not have exceeded 40 hours in any given week. *Id.*

Second, Defendants note that the "FLSA does not require compensation for an

---

[2] Further detail on the nature and extent of any work Plaintiff did while clocked out is particularly relevant given cases cited by Defendants, such as *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997), which note that the Department of Labor would not consider short, infrequent interruptions of lunch breaks as nullifying the exclusion of otherwise bona fide meal periods from compensable hours of work. *Id.* at 64; *see also Mendez v. Radec Corp.*, 232 F.R.D. 78, 82-83 (W.D.N.Y. 2005) (denying summary judgment because of questions of fact regarding meal break interruptions being *de minimis*).

employee's lunch break, but an 'employee cannot be docked for lunch breaks during which he is required to continue with any duties related to his work.'" Doc. 51 at 5 (quoting *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 531 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014) (citation omitted)); *see also Martin v. Applied Data Sys.*, 972 F.2d 1340 (9th Cir. 1992) (citations omitted) ("Deductions are proper when the meal period lasts at least 30 minutes, and the employees are completely relieved from duties."). Relying on this authority, Defendants assert that Plaintiff is not entitled to compensation for lunch periods where she clocked out for more than 30 minutes, or for lunch periods of more than 20 minutes given a 10-minute *de minimis* rule followed by the courts (which would bring the lunch time to more than 30 minutes). Doc. 51 at 5-6. Although Plaintiff would be entitled to compensation if she worked during these clocked-out periods, she provides no detailed evidence with respect to those periods, as already noted. *See* Doc. 49, ¶¶ 11-12.[3]

Third, Defendants note that on many days Plaintiff clocked out for less than 20 minutes. *Id.* ¶ 93. Even if it is assumed that Plaintiff continued to work during her clocked out time on each of these days, Defendants argue, she would not have exceeded 40 hours in any week. *Id.* ¶ 94.

In short, Defendants argue that Plaintiff worked less than 40 hours each week and never worked more than 80 hours during any two-week pay period. Defendants cite additional evidence to cast doubt on Plaintiff's claim that she worked while clocked out for lunch. They point to deposition testimony and a chart showing a significantly reduced number of Heavens Urgent Care patients during the months Plaintiff worked.

---

[3] The Court is not persuaded that Defendants' use of the 10-minute *de minimis* rule is correct. Defendants seem to argue that 10 minutes can be added to every entry of 20 minutes or more, but the Court understands from Defendants' briefing that 10 minutes is the amount of work-related interruption that can occur without making an entire lunch hour compensable – not that it is a source for adding 10 minutes to every lunch period of 20 minutes. The parties' positions on this issue and on the applicability of 29 C.F.R. § 785.19 (which Plaintiff applies without other authority and Defendants contend is not binding on courts) will need to be clarified before trial.

Defendants assert that four medical assistants worked during this time, making it unlikely that any needed to work during her lunch break. Doc. 51 at 4; Doc. 55 at 2.

Without quantifying the time, Plaintiff also contends that she routinely worked past 4:00 p.m. Doc. 49, ¶¶ 14-15. But the additional time she worked past 4:00 p.m. is reflected in Defendants' daily time records. *See* Doc. 49-1 at 61-65. Even with this time counted, Plaintiff consistently recorded less than 40 hours per week. *Id.*

The parties make other arguments, but ultimately the Court finds the briefing complicated, overly long, and at times difficult to follow. Because Plaintiff made the strategic choice to move for summary judgment on liability only, she has not quantified the amount of time she claims to have worked on specific days or during specific periods. Without that quantification, the Court cannot fully understand, much less resolve, the factual disagreements set out in the parties' lengthy statements of fact. This dispute of material facts precludes summary judgment. *See Prater v. AP Acquisitions LLC*, No. CV-19-04455-PHX-MHB, 2021 WL 9098242, at *7 (D. Ariz. Mar. 24, 2021) (denying summary judgment although the record confirmed that the plaintiff worked "some" overtime hours); *Lopez v. JJJRT Inc.*, No. CV-16-00764-PHX-DJH, 2017 WL 4769528, at *2 (D. Ariz. July 20, 2017) ("It is hard to imagine disputes of fact more genuine and material than [the number of hours the plaintiff worked and her compensation.]"); *Cameron v. Avalon Mobility Inc.*, No. CV-15-00963-PHX-JAT, 2017 WL 3593715, at *10 (D. Ariz. Aug. 21, 2017) (finding a genuine dispute of material fact when "Defendants put the reasonableness of Plaintiff's hours worked estimations in question"); *Ulin v. Lovell's Antique Gallery*, No. C-09-03160 EDL, 2010 WL 3768012, at *12 (N.D. Cal. Sept. 22, 2010) (finding that the length of the plaintiff's lunch was a "quintessential triable issue[] of fact").[4]

---

[4] Plaintiff also seeks summary judgment on her right to liquidated damages under FLSA, but such damages depend on a FLSA violation and the disputed issues of fact preclude the finding of a violation at this stage of the case. *Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 191995, at *11 (D. Ariz. Jan. 22, 2008) ("Because issues of fact exist regarding the issue of liability, Plaintiff's request for summary

**IV. Arizona Wage Act Claim.**

Plaintiff claims treble damages for Defendants' purported lack of compliance with the Arizona Wage Act, A.R.S. § 23–350, *et. seq*. Under the Act, "if an employer . . . fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. The Ninth Circuit interprets the Wage Act to provide trebled damages for work that was actually performed. *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 642 (9th Cir. 1984).

Defendants argue that Plaintiff's Wage Act claim is preempted by the FLSA. The Ninth Circuit has suggested otherwise. *See Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 759-60 (9th Cir. 2010), *vacated on other grounds*, 565 U.S. 801 (2011). Defendants contend that *Wang* does not control because it was vacated, but a decision vacated on grounds other than those for which it is cited may still have persuasive effect. *United States v. Joelson*, 7 F.3d 174, 178 n.1 (9th Cir. 1993). *Wang* has been applied in this circuit to cases concerning unpaid overtime. *See, e.g.*, *Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2022 WL 523323, at *3 (D. Ariz. Feb. 22, 2022) (collecting Ninth Circuit and district court cases); *McCoy v. N. Slope Borough*, No. 3:13-CV-00064-SLG, 2013 WL 4510780, at *21 (D. Alaska Aug. 26, 2013); *Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *4 (D. Ariz. Jan. 20, 2011). The Court finds *Wang* persuasive and concludes that Plaintiff's claims are not preempted by the FLSA.

Plaintiff argues that she reasonably expected to be paid for all completed work, "including all the actual hours she worked up to forty hours in a given workweek," in accordance with A.R.S. § 23-350(7). But there remains a factual dispute over how many hours Plaintiff worked without compensation. Summary judgment must be denied.

---

judgment on the issue of liquidated damages is premature.").

**IT IS ORDERED** that Plaintiff's motion for summary judgment (Doc. 48) is **denied**. By separate order, the Court will schedule a conference call with counsel to set a trial date and schedule a final pretrial conference. The notice required by Chief Judge Snow's case management order (Doc. 22, ¶ 10) need not be filed.

Dated this 1st day of December, 2022.

David G. Campbell
Senior United States District Judge